UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

01-4766

CECILE D. BARKER,

Plaintiff,

vs.

TOWN PARK HOTEL CORPORATION d/b/a CROWNE PLAZA HOTELS and RESORTS

Defendant.
_______________________________/

Case Action No. 1:00CV00295-TPJ

(Pending in the United States District Court for the District of Columbia)

CIV - HUCK

MAGISTRATE JUDGE
BROWN

**MOTION FOR LIMITED PROTECTIVE ORDER OF NON-PARTIES RDP ROYAL PALM HOTEL L.P., PADC HOSPITALITY CORPORATION I, RDP ROYAL PALM HOTEL L.C., RDP SHORECREST HOTEL L.C. AND PADC ROYAL PALM HOLDINGS, LLC AND MEMORANDUM OF LAW**

Non-parties RDP Royal Palm Hotel L.P. ("Royal Palm LP"), PADC Hospitality Corporation I ("PADC I"), RDP Royal Palm Hotel L.C. ("Royal Palm LC"), RDP Shorecrest Hotel L.C. ("Shorecrest LC") (collectively the "Miami Beach Hotel Project Entities"), and PADC Royal Palm Holdings, LLC ("Royal Palm Holdings"), through counsel and pursuant to FED.R.CIV.P. 45 (c) and L.R. 26.1, move for entry of a limited protective order to excuse compliance with a series of subpoenas duces tecum served on them by plaintiff Cècile D. Barker ("Barker"), and as grounds state:

**I.**

***Background***

On November 6, 2001, the Miami Beach Hotel Project Entities and Royal Palm Holdings were served with virtually identical subpoenas duces tecum by

Barker. True and correct copies of the subpoenas are attached hereto as Composite Exhibit "A".

To provide context, Royal Palm LP is a single purpose entity designed to develop and construct a convention center hotel in the City of Miami Beach. The general partner of Royal Palm LP is PADC I. R. Donahue Peebles ("Peebles") is the president of PADC I. Royal Palm LC and Shorecrest LC currently are joint limited partners of Royal Palm LC, having held their interests since 1997. Peebles is the managing member for both of these limited companies. Royal Palm Holdings was formed in 2001 and recently acquired substantially all of the limited partnership interest of defendant Town Park Hotel Corporation ("Town Park") in Royal Palm LP.

In simple terms, the Barker subpoenas request the Miami Hotel Project Entities and Royal Palm Holdings to produce every scrap of paper associated with the ongoing hotel development and construction project since January 1996. This request is made by Barker despite the fact that these same entities (in their corporate capacity or through Peebles) have previously produced during the last four years in other actions involving Barker and the Miami Beach Hotel Project currently pending in the District of Colombia and Florida circuit court, practically all of the documents specified under the current wave of subpoenas.[1] The Miami Beach Hotel Project Entities estimate that approximately 30,000 pages of documents have been produced to Barker during the course of the D.C. and Florida

actions that are responsive through November 1998, along with additional post-November 1998 corporate and financial records that have been produced.

It is the understanding of the Miami Beach Hotel Project Entities that Barker is willing to excuse them from the needless duplication of responsive documents previously produced in the D.C. and Florida actions if the Miami Beach Hotel Project Entities agree to the entry of consent orders in those cases authorizing Barker to release all confidentially designated documents to Town Park for use in the instant action. The Miami Beach Hotel Project Entities have agreed to this treatment and executed proposed consent orders prepared by Town Park's counsel. *See* proposed Consent Orders (without exhibit) executed by the Miami Beach Hotel Project Entities and its counsel attached hereto as Composite Exhibit "B".

If the inquiry stopped here there would be no need for this motion. Unfortunately, in communications with Barker's counsel preceding the filing of this motion, Barker has made it clear that he seeks the production of all responsive documents *to date.* This is problematic for the Miami Beach Hotel Project Entities because of the pending litigation against Barker in D.C. and in Florida. With respect to the D.C. action, the discovery deadline passed long ago and the case is set for trial on December 10, 2001. With regard to the Florida action, there exist unresolved and extremely acrimonious discovery disputes between Barker and Peebles that relate specifically to the documents requested by Barker in these subpoenas. Although not parties to the Florida action, the Miami Beach Hotel

---

1 The other actions are: *RDP Royal Palm Hotel Limited Company, et al. v. Thompson, et al.*, Case No. 97-CA4261, Superior Court of the District of Colombia, and *Barker v. Peebles, et al.*, Case

Project Entities have also been subjected to a series of similar discovery requests and have also filed their own objections in that action. Needless to say, a historical accounting of the discovery disputes in both actions would take pages and simply have no place in this proceeding. At bottom, the proper forum for Barker to seek production of additional, post-November 1998 documents relating to the Miami Beach Hotel Project, is either in the D.C. or Florida courts.

Lastly, with regard to Royal Palm Holdings, there are no responsive non-privileged documents other than the acquisition documents related to Town Park's recent transfer of its interest in Royal Palm LP to Royal Palm Holdings. Royal Palm Holdings fails to see why its documents, if in fact they are subject to discovery, are not produced by Town Park. From Royal Palm Holdings' perspective, the production of those documents would involve the disclosure of private and confidential development and commercial information relating to Royal Palm Holdings' interest in Royal Palm LP. Absent consensual disclosure by Town Park, such records are appropriately protected from disclosure under FED.R.CIV.P. 45(c)(3)(B)(i).

## II.

***Memorandum of Law***

Rule 45(c)(3) provides that on timely motion, this Court shall quash or modify the subpoena if it "subjects a person to undue burden" (see subsection (3)(A)(iv)) or requires the "disclosure of . . . confidential research, development, or commercial information[.]"(see subsection (3)(B)(i)).

---

No. 97-23522 CA (27), Circuit Court of the 11th Judicial Circuit, Miami-Dade County, Florida.

For the reasons outlined above, the duplication of previously produced documents by the Miami Beach Hotel Project Entities is clearly an unnecessary and undue burden, particularly given their willingness to permit disclosure of those documents already in Barker's possession to Town Park. With regard to the post-November 1998 documents, it is again wasteful and onerous for the Miami Beach Hotel Project Entities to battle on a third front to prevent the disclosure of these documents. Barker's remedy is available to him in the D.C. and Florida courts and that is where he should go to seek further production.

Lastly, with regard to Royal Palm Holdings, the disclosure of its records concerning the Miami Beach Hotel Project will result in the disclosure of private business information, including sensitive negotiations between Royal Palm Holdings' members and other non-parties associated with the Miami Beach Hotel Project. Absent Town Park's consent, Royal Palm Holdings should be protected from having to produce its documents.

WHEREFORE, non-parties RDP Royal Palm Hotel L.C., PADC Hospitality Corporation I, RDP Royal Palm Hotel L.C., RDP Shorecrest Hotel L.C. and PADC Royal Palm Holdings, LLC, respectfully request the entry of a protective order conditioning compliance in accord with the objections set forth above and/or upon conditions the Court deems just and proper.

HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3000
Miami, Florida 33131
Tel: (305) 789-7713
Fax: (305) 789-7799

By:______________________
Jose A. Casal
Florida Bar No. 767522

Counsel for RDP Royal Palm Hotel LP, PADC Hospitality Corp. I, RDP Royal Palm Hotel LC, RDP Shorecrest Hotel LC and PADC Royal Palm Holdings LLC

**Local Rule 26.1(I) Certificate of Counsel**

I HEREBY CERTIFY that counsel have conferred in a good faith effort to resolve the issues raised in this motion and have been unable to do so.

______________________
Jose A. Casal

CASE ACTION NO. 1:00CV00295-TPJ
(Pending In U.S. District Court for the District of Colombia)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail this 20th day of November 2001 on:

Michael Tarre, Esq.
Michael Tarre, P.A.
Two South Biscayne Blvd.
Suite 3250
Miami, FL 33131

Mary Beth Long, Esq.
Williams & Connolly, LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005

William D. Barwick, Esq.
Rebecca L. Hirsch, Esq.
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2415

Richard H. Critchlow, Esq.
Pamela I. Perry, Esq.
Kenny Nachwalter Seymour Arnold
Critchlow & Spector, P.A.
1100 Miami Center
201 South Biscayne Blvd.
Miami, FL 33131

Scott D. Sheftall, Esq.
Sheftall & Torres P.A.
100 S.E. 2nd Street
Suite 4600
Miami, FL 33131-1101

By: ____________________
Jose A. Casal

MIA1 #1092192 v1

# EXHIBIT A

Issued by the
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CECILE D. BARKER

Plaintiff,

v.

TOWN PARK HOTEL CORPORATION
d/b/a CROWNE PLAZA HOTELS and RESORTS

Defendants.

SUBPOENA IN A CIVIL CASE

Civil Action No. 1:00 CV00295-TPJ

(Pending in the United States District Court for the District of Columbia)

TO: RDP Royal Palm Hotel Limited Partnership
CT Corporation Systems
1200 South Pine Island Road
Plantation, FL 33324

[handwritten notation] 11-6-01 2 30 P.

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| [place]<br>[address]<br>[address] | [courtroom]<br>DATE AND TIME<br>[date] at [time] |

☐ YOU ARE COMMANDED to appear at the date, place, and time specified below to testify at the taking of a deposition in the above case, on the subjects described in attachment A.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| [place]<br>[address]<br>[address] | [date] at [time] |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): SEE ATTACHMENT

| PLACE | DATE AND TIME |
|---|---|
| Michael Tarre, P.A.<br>Two South Biscayne Boulevard, Suite 3250<br>Miami, Florida 33131 | November 20, 2001, 11 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| [place]<br>[address]<br>[address] | [date] at [time] |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Counsel for Plaintiff | November 5, 2001 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Mary Beth Long
Williams & Connolly
725 Twelfth Street, N.W.
Washington, D.C. 20005

Tel: (202) 434-5000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

**Attachment**
**(RDP Royal Palm Hotel Limited Partnership)**

Definitions and Instructions

A.    The term "document" includes, but is not limited to, any written, printed, typed, recorded, filmed, punched, transcribed, taped or other graphic material of any kind or nature, however produced or reproduced, whether sent or received or neither, including all originals, drafts, copies and non-identical copies bearing notations or marks not found on the original.

B.    The term "Miami Beach Hotel Project" means any aspect of the development of the Royal Palm Hotel and Shorecrest Hotels, including, specifically, the project awarded to the RDP Royal Palm Hotel Limited Company as a result of its response to the Requests for Proposals No. 45-9596, City Center/Historic Convention Redevelopment and Revitalization Area African-American Hotel Development Project, located in (South) Miami Beach Florida.

C.    The terms "relate" and "relating" mean embodying, containing, comprising, indicating, referring to, reflecting, memorializing, identifying, describing, involving, evidencing, supporting or contradicting, in any way, in whole or in part, the subject matter referred to in the request.

D.    The term "RDP Royal Palm Hotel Limited Partnership" includes any of its agents, employees, attorneys, representatives, or wholly owned companies.

E.    The term "you" means RDP Royal Palm Hotel Limited Partnership and any of its agents, employees, attorneys, representatives, or wholly owned companies.

F.    The term "Crowne Plaza" means Town Park Hotels Corporation d/b/a Crowne Plaza Hotels and Resorts; any parent, affiliate, wholly owned company, and subsidiary of Town Park Hotels Corporation d/b/a Crowne Plaza Hotels and Resorts; and any of their agents, employees, attorneys, accountants, and representatives.

G.    The term "LCs" refers to the RDP Royal Palm Hotel Limited Company and the RDP Shorecrest Hotel Limited Company.

H.    The term "project" refers to any business venture that involves a hotel, proposed hotel, hospitality lodging, or proposed hospitality lodging.

I.    These requests encompass all documents from the time period January 1996 until the present.

J.    These requests encompass documents retained by your attorneys.

## Requests

1. All documents relating to the Miami Hotel Project.

2. All documents referring, referencing, or relating to Crowne Plaza including, but not limited to, all correspondence to, from, or copied to Crowne Plaza, all memoranda concerning Crowne Plaza, and all records concerning your involvement, potential involvement, or relationship with Crowne Plaza on any projects.

3. All documents referring, referencing, or relating to the LCs.

4. All documents relating to the federal, state, or local tax status of the RDP Royal Palm Hotel Limited Partnership including, but not limited to, all federal, state, and local tax submissions, partnership tax documents, K-1s, tax returns, and documents reflecting the preparation of tax documents.

5. All documents relating to the current structure and organization of the RDP Royal Palm Hotel Limited Partnership including, but not limited to, the Articles of Incorporation, partnership operating documents and documents reflecting the shareholders or partners.

6. All documents relating to any investors, whether potential at one time, actual, or prospective, other than R. Donahue Peebles, in the RDP Royal Palm Hotel Limited Partnership.

7. All documents relating to any monies spent by you, for, or on behalf of, the Miami Hotel Project including, but not limited to, all financial statements,

ledgers, statements of accounts, bank statements, contracts, correspondence, and memoranda.

8.     All documents relating to any monies or other things of value received (including, but not limited to, capital contributions, income or loans) by you, for, or on the behalf of, the Miami Hotel Project including, but not limited to, all financial statements, ledgers, journals, statements of accounts, bank statements, contracts, correspondence and memoranda.

9.     All bank statements for all RDP Royal Palm Hotel Limited Partnership accounts in which funds relating to the Miami Hotel Project have been deposited, through which said funds have flowed, and from which said funds have been paid.

10.     All documents relating to any developer, development, or other fees paid by you to, or drawn by, R. Donahue Peebles, or any related persons or entity, as compensation for services rendered by R. Donahue Peebles in his capacity as an employee, developer, executive, officer, director, representative, or agent, relating to the Miami Hotel Project.

11.     All documents relating to any developer, development, or other fees received by you, including any payments to, or drawn by, R. Donahue Peebles, or any related persons or entity, as compensation for services rendered by R. Donahue Peebles in his capacity as an employee, developer, executive, officer, director, representative, or agent, relating to the Miami Hotel Project.

12.    All documents relating to any audit, accounting, compilation, or other financial evaluation conducted on RDP Royal Palm Hotel Limited Partnership.

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Issued by the
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CECILE D. BARKER

Plaintiff,

v.

TOWN PARK HOTEL CORPORATION
d/b/a CROWNE PLAZA HOTELS and RESORTS

Defendants.

SUBPOENA IN A CIVIL CASE

Civil Action No. 1:00 CV00295-TPJ

(Pending in the United States District Court for the District of Columbia)

TO: PADC Hospitality Corporation I
CT Corporation Systems
1200 South Pine Island Road
Plantation, FL 33324

R Mu[illegible]
11-6-01 12:30 P

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| [place] [address] [address] | [courtroom] |
| | DATE AND TIME<br>[date] at [time] |

☐ YOU ARE COMMANDED to appear at the date, place, and time specified below to testify at the taking of a deposition in the above case, on the subjects described in attachment A.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| [place]<br>[address]<br>[address] | [date] at [time] |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): SEE ATTACHMENT

| PLACE | DATE AND TIME |
|---|---|
| Michael Tarre, P.A.<br>Two South Biscayne Boulevard, Suite 3250<br>Miami, Florida 33131 | November 20, 2001, 11 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| [place]<br>[address]<br>[address] | [date] at [time] |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Counsel for Plaintiff | November 5, 2001 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Mary Beth Long
Williams & Connolly — Tel: (202) 434-5000
725 Twelfth Street, N.W.
Washington, D.C. 20005

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

**Attachment**
**(PADC Hospitality Corporation I)**

Definitions and Instructions

A. The term "document" includes, but is not limited to, any written, printed, typed, recorded, filmed, punched, transcribed, taped or other graphic material of any kind or nature, however produced or reproduced, whether sent or received or neither, including all originals, drafts, copies and non-identical copies bearing notations or marks not found on the original.

B. The term "Miami Beach Hotel Project" means any aspect of the development of the Royal Palm Hotel and Shorecrest Hotels, including, specifically, the project awarded to the RDP Royal Palm Hotel Limited Company as a result of its response to the Requests for Proposals No. 45-9596, City Center/Historic Convention Redevelopment and Revitalization Area African-American Hotel Development Project, located in (South) Miami Beach Florida.

C. The terms "relate" and "relating" mean embodying, containing, comprising, indicating, referring to, reflecting, memorializing, identifying, describing, involving, evidencing, supporting or contradicting, in any way, in whole or in part, the subject matter referred to in the request.

D. The term "PADC Hospitality Corporation I" includes PADC Hospitality Corporation I and any of its agents, employees, attorneys, representatives, or wholly owned companies.

E. The term "you" means PADC Hospitality Corporation I and any of its agents, employees, attorneys, representatives, or wholly owned companies.

F. The term "Crowne Plaza" means Town Park Hotels Corporation d/b/a Crowne Plaza Hotels and Resorts; any parent, affiliate, wholly owned company, and subsidiary of Town Park Hotels Corporation d/b/a Crowne Plaza Hotels and Resorts; and any of their agents, employees, attorneys, accountants, and representatives.

G. The term "LCs" refers to the RDP Royal Palm Hotel Limited Company and the RDP Shorecrest Hotel Limited Company.

H. The term "LP" refers to the entity known as the "RDP Royal Palm Hotel Limited Partnership."

I. The term "project" refers to any business venture that involves a hotel, proposed hotel, hospitality lodging, or proposed hospitality lodging.

J.      These requests encompass all documents from the time period January 1996 until the present.

K.      These requests encompass documents retained by your attorneys.

Requests

1. All documents relating to the Miami Hotel Project.

2. All documents referring, referencing, or relating to Crowne Plaza including, but not limited to, all correspondence to, from, or copied to Crowne Plaza, all memoranda concerning Crowne Plaza, and all records concerning your involvement, potential involvement, or relationship with Crowne Plaza on any projects.

3. All documents referring, referencing, or relating to the LCs.

4. All documents referring, referencing, or relating to the LP.

5. All documents relating to the current structure and organization of the PADC Hospitality Corporation I including, but not limited to, the Articles of Incorporation, partnership operating documents and documents reflecting the shareholders or partners.

6. All documents relating to any investors, whether potential at one time, actual, or prospective, other than R. Donahue Peebles, in the PADC Hospitality Corporation I.

7. All documents relating to any monies spent by you, for, or on behalf of, the Miami Hotel Project including, but not limited to, all financial statements, ledgers, statements of accounts, bank statements, contracts, correspondence, and memoranda.

8. All documents relating to any monies or other things of value received (including, but not limited to, capital contributions, income or loans) by you, for, or

on the behalf of, the Miami Hotel Project including, but not limited to, all financial statements, ledgers, journals, statements of accounts, bank statements, contracts, correspondence and memoranda.

9.    All bank statements for all PADC Hospitality Corporation I accounts in which funds relating to the Miami Hotel Project have been deposited, through which said funds have flowed, and from which said funds have been paid.

10.    All documents relating to any developer, development, or other fees paid by you to, or drawn by, R. Donahue Peebles, or any related persons or entity, as compensation for services rendered by R. Donahue Peebles in his capacity as an employee, developer, executive, officer, director, representative, or agent, relating to the Miami Hotel Project.

11.    All documents relating to any developer, development, or other fees received by you, including any payments to, or drawn by, R. Donahue Peebles, or any related persons or entity, as compensation for services rendered by R. Donahue Peebles in his capacity as an employee, developer, executive, officer, director, representative, or agent, relating to the Miami Hotel Project.

12.    All documents relating to any audit, accounting, compilation, or other financial evaluation conducted on PADC Hospitality Corporation I.

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Issued by the
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CECILE D. BARKER

Plaintiff,

v.

TOWN PARK HOTEL CORPORATION
d/b/a CROWNE PLAZA HOTELS and RESORTS

Defendants.

SUBPOENA IN A CIVIL CASE

Civil Action No. 1:00 CV00295-TPJ

(Pending in the United States District Court for the District of Columbia)

TO: RDP Royal Palm Hotel Limited Company
CT Corporation Systems
1200 South Pine Island Road
Plantation, FL 33324

Richard Mueller
11-6-01 23of?

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| [place]<br>[address]<br>[address] | [courtroom]<br>DATE AND TIME<br>[date] at [time] |

☐ YOU ARE COMMANDED to appear at the date, place, and time specified below to testify at the taking of a deposition in the above case, on the subjects described in attachment A.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| [place]<br>[address]<br>[address] | [date] at [time] |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): SEE ATTACHMENT

| PLACE | DATE AND TIME |
|---|---|
| Michael Tarre, P.A.<br>Two South Biscayne Boulevard, Suite 3250<br>Miami, Florida 33131 | November 20, 2001, 11 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| [place]<br>[address]<br>[address] | [date] at [time] |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Counsel for Plaintiff | November 5, 2001 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Mary Beth Long
Williams & Connolly  Tel: (202) 434-5000
725 Twelfth Street, N.W.
Washington, D.C. 20005

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

**Attachment**
**(RDP Royal Palm Hotel Limited Company)**

Definitions and Instructions

A.     The term "document" includes, but is not limited to, any written, printed, typed, recorded, filmed, punched, transcribed, taped or other graphic material of any kind or nature, however produced or reproduced, whether sent or received or neither, including all originals, drafts, copies and non-identical copies bearing notations or marks not found on the original.

B.     The term "Miami Beach Hotel Project" means any aspect of the development of the Royal Palm Hotel and Shorecrest Hotels, including, specifically, the project awarded to the RDP Royal Palm Hotel Limited Company as a result of its response to the Requests for Proposals No. 45-9596, City Center/Historic Convention Redevelopment and Revitalization Area African-American Hotel Development Project, located in (South) Miami Beach Florida.

C.     The terms "relate" and "relating" mean embodying, containing, comprising, indicating, referring to, reflecting, memorializing, identifying, describing, involving, evidencing, supporting or contradicting, in any way, in whole or in part, the subject matter referred to in the request.

D.     The term "RDP Royal Palm Hotel Limited Company" includes any of its agents, employees, attorneys, representatives, or wholly owned companies.

E.     The term "you" means RDP Royal Palm Hotel Limited Company and any of its agents, employees, attorneys, representatives, or wholly owned companies.

F.     The term "Crowne Plaza" means Town Park Hotels Corporation d/b/a Crowne Plaza Hotels and Resorts; any parent, affiliate, wholly owned company, and subsidiary of Town Park Hotels Corporation d/b/a Crowne Plaza Hotels and Resorts; and any of their agents, employees, attorneys, accountants, and representatives.

G.     The term "LP" refers to the entity known as the "RDP Royal Palm Hotel Limited Partnership."

H.     The term "project" refers to any business venture that involves a hotel, proposed hotel, hospitality lodging, or proposed hospitality lodging.

I.     These requests encompass all documents from the time period January 1996 until the present.

J.     These requests encompass documents retained by your attorneys.

Requests

1. All documents relating to the Miami Hotel Project.

2. All documents referring, referencing, or relating to Crowne Plaza including, but not limited to, all correspondence to, from, or copied to Crowne Plaza, all memoranda concerning Crowne Plaza, and all records concerning your involvement, potential involvement, or relationship with Crowne Plaza on any projects.

3. All documents referring, referencing, or relating to the LP.

4. All documents relating to the federal, state, or local tax status of the RDP Royal Palm Hotel Limited Company including, but not limited to, all federal, state, and local tax submissions, partnership tax documents, K-1s, tax returns, and documents reflecting the preparation of tax documents.

5. All documents relating to the current structure and organization of the RDP Royal Palm Hotel Limited Company including, but not limited to, the Articles of Incorporation, partnership operating documents and documents reflecting the shareholders or partners.

6. All documents relating to any investors, whether potential at one time, actual, or prospective, other than R. Donahue Peebles, in the RDP Royal Palm Hotel Limited Company.

7. All documents relating to any monies spent by you, for, or on behalf of, the Miami Hotel Project including, but not limited to, all financial statements,

ledgers, statements of accounts, bank statements, contracts, correspondence, and memoranda.

8.      All documents relating to any monies or other things of value received (including, but not limited to, capital contributions, income or loans) by you, for, or on the behalf of, the Miami Hotel Project including, but not limited to, all financial statements, ledgers, journals, statements of accounts, bank statements, contracts, correspondence and memoranda.

9.      All bank statements for all RDP Royal Palm Hotel Limited Company accounts in which funds relating to the Miami Hotel Project have been deposited, through which said funds have flowed, and from which said funds have been paid.

10.     All documents relating to any developer, development, or other fees paid by you to, or drawn by, R. Donahue Peebles, or any related persons or entity, as compensation for services rendered by R. Donahue Peebles in his capacity as an employee, developer, executive, officer, director, representative, or agent, relating to the Miami Hotel Project.

11.     All documents relating to any developer, development, or other fees received by you, including any payments to, or drawn by, R. Donahue Peebles, or any related persons or entity, as compensation for services rendered by R. Donahue Peebles in his capacity as an employee, developer, executive, officer, director, representative, or agent, relating to the Miami Hotel Project.

12.     All documents relating to any audit, accounting, compilation, or other financial evaluation conducted on RDP Royal Palm Hotel Limited Company.

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Issued by the
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CECILE D. BARKER

Plaintiff,

v.

TOWN PARK HOTEL CORPORATION
d/b/a CROWNE PLAZA HOTELS and RESORTS

Defendants.

SUBPOENA IN A CIVIL CASE

Civil Action No. 1:00 CV00295-TPJ

(Pending in the United States District Court for the District of Columbia)

Richard Mueller
11-6-01
12:30 P

TO: RDP Shorecrest Hotel Limited Company
CT Corporation Systems
1200 South Pine Island Road
Plantation, FL 33324

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| [place] | [courtroom] |
| [address] | DATE AND TIME |
| [address] | [date] at [time] |

☐ YOU ARE COMMANDED to appear at the date, place, and time specified below to testify at the taking of a deposition in the above case, on the subjects described in attachment A.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| [place]<br>[address]<br>[address] | [date] at [time] |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): SEE ATTACHMENT

| PLACE | DATE AND TIME |
|---|---|
| Michael Tarre, P.A.<br>Two South Biscayne Boulevard, Suite 3250<br>Miami, Florida 33131 | November 20, 2001, 11 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| [place]<br>[address]<br>[address] | [date] at [time] |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Counsel for Plaintiff | November 5, 2001 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Mary Beth Long
Williams & Connolly Tel: (202) 434-5000
725 Twelfth Street, N.W.
Washington, D.C. 20005

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

**Attachment**
**(RDP Shorecrest Hotel Limited Company)**

Definitions and Instructions

A. The term "document" includes, but is not limited to, any written, printed, typed, recorded, filmed, punched, transcribed, taped or other graphic material of any kind or nature, however produced or reproduced, whether sent or received or neither, including all originals, drafts, copies and non-identical copies bearing notations or marks not found on the original.

B. The term "Miami Beach Hotel Project" means any aspect of the development of the Royal Palm Hotel and Shorecrest Hotels, including, specifically, the project awarded to the RDP Royal Palm Hotel Limited Company as a result of its response to the Requests for Proposals No. 45-9596, City Center/Historic Convention Redevelopment and Revitalization Area African-American Hotel Development Project, located in (South) Miami Beach Florida.

C. The terms "relate" and "relating" mean embodying, containing, comprising, indicating, referring to, reflecting, memorializing, identifying, describing, involving, evidencing, supporting or contradicting, in any way, in whole or in part, the subject matter referred to in the request.

D. The term "RDP Shorecrest Hotel Limited Company" includes any of its agents, employees, attorneys, representatives, or wholly owned companies.

E. The term "you" means RDP Shorecrest Hotel Limited Company and any of its agents, employees, attorneys, representatives, or wholly owned companies.

F. The term "Crowne Plaza" means Town Park Hotels Corporation d/b/a Crowne Plaza Hotels and Resorts; any parent, affiliate, wholly owned company, and subsidiary of Town Park Hotels Corporation d/b/a Crowne Plaza Hotels and Resorts; and any of their agents, employees, attorneys, accountants, and representatives.

G. The term "LP" refers to the entity known as the "RDP Royal Palm Hotel Limited Partnership."

H. The term "project" refers to any business venture that involves a hotel, proposed hotel, hospitality lodging, or proposed hospitality lodging.

I. These requests encompass all documents from the time period January 1996 until the present.

J. These requests encompass documents retained by your attorneys.

Requests

1. All documents relating to the Miami Hotel Project.

2. All documents referring, referencing, or relating to Crowne Plaza including, but not limited to, all correspondence to, from, or copied to Crowne Plaza, all memoranda concerning Crowne Plaza, and all records concerning your involvement, potential involvement, or relationship with Crowne Plaza on any projects.

3. All documents referring, referencing, or relating to the LP.

4. All documents relating to the federal, state, or local tax status of the RDP Shorecrest Hotel Limited Company including, but not limited to, all federal, state, and local tax submissions, partnership tax documents, K-1s, tax returns, and documents reflecting the preparation of tax documents.

5. All documents relating to the current structure and organization of the RDP Shorecrest Hotel Limited Company including, but not limited to, the Articles of Incorporation, partnership operating documents and documents reflecting the shareholders or partners.

6. All documents relating to any investors, whether potential at one time, actual, or prospective, other than R. Donahue Peebles, in the RDP Shorecrest Hotel Limited Company.

7. All documents relating to any monies spent by you, for, or on behalf of, the Miami Hotel Project including, but not limited to, all financial statements,

ledgers, statements of accounts, bank statements, contracts, correspondence, and memoranda.

8.   All documents relating to any monies or other things of value received (including, but not limited to, capital contributions, income or loans) by you, for, or on the behalf of, the Miami Hotel Project including, but not limited to, all financial statements, ledgers, journals, statements of accounts, bank statements, contracts, correspondence and memoranda.

9.   All bank statements for all RDP Shorecrest Hotel Limited Company accounts in which funds relating to the Miami Hotel Project have been deposited, through which said funds have flowed, and from which said funds have been paid.

10.   All documents relating to any developer, development, or other fees paid by you to, or drawn by, R. Donahue Peebles, or any related persons or entity, as compensation for services rendered by R. Donahue Peebles in his capacity as an employee, developer, executive, officer, director, representative, or agent, relating to the Miami Hotel Project.

11.   All documents relating to any developer, development, or other fees received by you, including any payments to, or drawn by, R. Donahue Peebles, or any related persons or entity, as compensation for services rendered by R. Donahue Peebles in his capacity as an employee, developer, executive, officer, director, representative, or agent, relating to the Miami Hotel Project.

12.   All documents relating to any audit, accounting, compilation, or other financial evaluation conducted on RDP Shorecrest Hotel Limited Company.

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Issued by the
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CECILE D. BARKER

Plaintiff,

v.

TOWN PARK HOTEL CORPORATION
d/b/a CROWNE PLAZA HOTELS and RESORTS

Defendants.

SUBPOENA IN A CIVIL CASE

Civil Action No. 1:00 CV00295-TPJ

(Pending in the United States District Court for the District of Columbia)

TO: PADC Royal Palm Holdings, LLC
Registered Agent Corporation
701 Brickell Avenue, Suite 3000
Miami, FL 33131

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| [place] [address] [address] | [courtroom] |
| | DATE AND TIME<br>[date] at [time] |

☐ YOU ARE COMMANDED to appear at the date, place, and time specified below to testify at the taking of a deposition in the above case, on the subjects described in attachment A.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| [place]<br>[address]<br>[address] | [date] at [time] |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): SEE ATTACHMENT

| PLACE | DATE AND TIME |
|---|---|
| Michael Tarre, P.A.<br>Two South Biscayne Boulevard, Suite 3250<br>Miami, Florida 33131 | November 20, 2001, 11 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| [place]<br>[address]<br>[address] | [date] at [time] |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| Counsel for Plaintiff | November 5, 2001 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Mary Beth Long
Williams & Connolly
725 Twelfth Street, N.W.
Washington, D.C. 20005

Tel: (202) 434-5000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

**Attachment**
**(PADC Royal Palm Holdings, LLC)**

Definitions and Instructions

A. The term "document" includes, but is not limited to, any written, printed, typed, recorded, filmed, punched, transcribed, taped or other graphic material of any kind or nature, however produced or reproduced, whether sent or received or neither, including all originals, drafts, copies and non-identical copies bearing notations or marks not found on the original.

B. The term "Miami Beach Hotel Project" means any aspect of the development of the Royal Palm Hotel and Shorecrest Hotels, including, specifically, the project awarded to the RDP Royal Palm Hotel Limited Company as a result of its response to the Requests for Proposals No. 45-9596, City Center/Historic Convention Redevelopment and Revitalization Area African-American Hotel Development Project, located in (South) Miami Beach Florida.

C. The terms "relate" and "relating" mean embodying, containing, comprising, indicating, referring to, reflecting, memorializing, identifying, describing, involving, evidencing, supporting or contradicting, in any way, in whole or in part, the subject matter referred to in the request.

D. The term "PADC Royal Palm Holdings, LLC" includes PADC Royal Palm Holdings, LLC and any of its agents, employees, attorneys, representatives, or wholly owned companies.

E. The term "you" means PADC Royal Palm Holdings, LLC and any of its agents, employees, attorneys, representatives, or wholly owned companies.

F. The term "Crowne Plaza" means Town Park Hotels Corporation d/b/a Crowne Plaza Hotels and Resorts; any parent, affiliate, wholly owned company, and subsidiary of Town Park Hotels Corporation d/b/a Crowne Plaza Hotels and Resorts; and any of their agents, employees, attorneys, accountants, and representatives.

G. The term "LCs" refers to the RDP Royal Palm Hotel Limited Company and the RDP Shorecrest Hotel Limited Company.

H. The term "LP" refers to the entity known as the "RDP Royal Palm Hotel Limited Partnership."

I. The term "project" refers to any business venture that involves a hotel, proposed hotel, hospitality lodging, or proposed hospitality lodging.

J.   These requests encompass all documents from the time period January 1996 until the present.

K.   These requests encompass documents retained by your attorneys.

Requests

1. All documents relating to the Miami Hotel Project.

2. All documents referring, referencing, or relating to Crowne Plaza including, but not limited to, all correspondence to, from, or copied to Crowne Plaza, all memoranda concerning Crowne Plaza, and all records concerning your involvement, potential involvement, or relationship with Crowne Plaza on any projects.

3. All documents referring, referencing, or relating to the LCs.

4. All documents referring, referencing, or relating to the LP.

5. All documents relating to the current structure and organization of the PADC Royal Palm Holdings, LLC including, but not limited to, the Articles of Incorporation, partnership operating documents and documents reflecting the shareholders or partners.

6. All documents relating to any investors, whether potential at one time, actual, or prospective, other than R. Donahue Peebles, in the PADC Royal Palm Holdings, LLC.

7. All documents relating to any monies spent by you, for, or on behalf of, the Miami Hotel Project including, but not limited to, all financial statements, ledgers, statements of accounts, bank statements, contracts, correspondence, and memoranda.

8. All documents relating to any monies or other things of value received (including, but not limited to, capital contributions, income or loans) by you, for, or

on the behalf of, the Miami Hotel Project including, but not limited to, all financial statements, ledgers, journals, statements of accounts, bank statements, contracts, correspondence and memoranda.

9.    All bank statements for all PADC Royal Palm Holdings, LLC accounts in which funds relating to the Miami Hotel Project have been deposited, through which said funds have flowed, and from which said funds have been paid.

10.    All documents relating to any developer, development, or other fees paid by you to, or drawn by, R. Donahue Peebles, or any related persons or entity, as compensation for services rendered by R. Donahue Peebles in his capacity as an employee, developer, executive, officer, director, representative, or agent, relating to the Miami Hotel Project.

11.    All documents relating to any developer, development, or other fees received by you, including any payments to, or drawn by, R. Donahue Peebles, or any related persons or entity, as compensation for services rendered by R. Donahue Peebles in his capacity as an employee, developer, executive, officer, director, representative, or agent, relating to the Miami Hotel Project.

12.    All documents relating to any audit, accounting, compilation, or other financial evaluation conducted on PADC Royal Palm Holdings, LLC.

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

______________________
SIGNATURE OF SERVER

______________________
ADDRESS OF SERVER

______________________

# EXHIBIT B

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT
FOR MIAMI-DADE COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION

CECILE D. BARKER,

Plaintiff,

v.

R. DONAHUE PEEBLES,
R.D.P. DEVELOPMENT CORPORATION,
R.D.P. ASSESSMENT APPEALS SERVICES,
INC. AND PEEBLES ATLANTIC
DEVELOPMENT CORPORATION,

Defendants.

Case No: 97-23522CA27

CONSENT ORDER REGARDING RELEASE OF
CONFIDENTIAL DOCUMENTS FOR USE IN RELATED LITIGATION

THIS CAUSE is before the Court on stipulation of the parties and with the agreement of the third party witnesses in the above styled action. Upon consideration of the entire record in this case and the terms of this Consent Order, it is HEREBY ORDERED THAT:

All confidentially designated documents including deposition transcripts and written expert reports produced by the parties and third party witnesses in the above styled action ("confidential documents") may be released to Town Park Hotel Corporation d/b/a Crowne Plaza Hotels and Resorts for the sole purpose of using the confidential documents in the related action of *Cecile D. Barker v. Town Park Hotel Corporation d/b/a Crowne Plaza Hotels and Resorts*, Case No.

1:00CV00295-TPJ (U.S. District Court for the District of Columbia), subject to the terms and conditions of the Consent Protective Order entered in that case, a copy of which is attached as Exhibit A.

SO ORDERED, this _____ day of __________, 2001.

_________________________________
Judge

CONSENTED TO BY:

_________________________
Scott Sheftall, Esq.
on behalf of R. Donahue Peebles,
R.D.P. Development Corporation,
R.D.P. Assessment Appeals Services, Inc.
and Peebles Atlantic Development Corporation

_________________________
Kumiki Gibson, Esq.
on behalf of Cecile D. Barker

_________________________
on behalf of the
John Hardy Group

_________________________
add signature blocks for any
other third party witnesses

CONSENTED TO BY:

________________________________________

José A. Casal, Esq.
on behalf of RDP Royal Palm Hotel, L.C.
RDP Shorecrest Hotel, L.C.
RDP Royal Palm Hotel, L.P.
PADC Hospitality Corporation I

________________________________________

Holland & Knight LLP

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **RDP ROYAL PALM HOTEL LIMITED COMPANY AND RDP SHORECREST HOTEL LIMITED COMPANY,** | ) | |
| **Plaintiffs,** | ) | |
| v. | ) | **Civil Action No: 97-CA4261** |
| | ) | **Judge** |
| **JEFFREY E. THOMPSON,** | ) | **Calendar 7** |
| **and** | ) | |
| **CECILE D. BARKER** | ) | |
| **Defendants.** | ) | |

**CONSENT ORDER REGARDING RELEASE OF CONFIDENTIAL DOCUMENTS FOR USE IN RELATED LITIGATION**

THIS CAUSE is before the Court on stipulation of the parties and with the agreement of the third party witnesses in the above styled action. Upon consideration of the entire record in this case and the terms of this Consent Order, it is HEREBY ORDERED THAT:

All confidentially designated documents including deposition transcripts and written expert reports produced by the parties and third party witnesses in the above styled action ("confidential documents") may be released to Town Park Hotel Corporation d/b/a Crowne Plaza Hotels and Resorts for the sole purpose of using the confidential documents in the related action of *Cecile D. Barker v. Town Park Hotel Corporation d/b/a Crowne Plaza Hotels and Resorts*, Case No.

1:00CV00295-TPJ (U.S. District Court for the District of Columbia), subject to the terms and conditions of the Consent Protective Order entered in that case, a copy of which is attached as Exhibit A.

SO ORDERED, this _____ day of _________, 2001.

_______________________________
Judge

CONSENTED TO BY:

_______________________________
Kumiki Gibson, Esq.
on behalf of Cecile D. Barker

_______________________________
Timothy J. Bloomfield, Esq.
on behalf of RDP Royal Palm Hotel Limited Company and RDP Shorecrest Hotel Limited Company

_______________________________
Ronald C. Jessamy, Esq.
on behalf of Jeffrey E. Thompson

_______________________________
William D. Barwick, Esq.
Rebecca L. Hirsch, Esq.
on behalf of Crowne Plaza Hotels and Resorts

_______________________________
Holland & Knight LLP

_______________________________
Hospitality Partners Company

_______________________________
The Donohoe Companies

_______________________________
GMAC Commercial Mortgage Company

_______________________________
Franklin National Bank

_______________________________
RDP Assessment Appeals

_______________________________
RDP Development Corporation

_______________________________
Capital Bank

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET 01-4766

The US-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required by the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I(a) PLAINTIFFS**
CECILE D. BARKER

**DEFENDANTS** CIV - HUCK
TOWN PARK HOTEL CORPORATION d/b/a CROWNE PLAZA HOTELS and RESORTS

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ____
(EXCEPT IN U.S. PLAINTIFF CASES)

Memo 01-4766 civ Huck Brown

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

MAGISTRATE JUDGE BROWN

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Michael Tarre, Esq.
Micahel Tarre, P.A.
Two South Biscayne Boulevard, Suite 3250
Miami, Fl 33131

ATTORNEYS (IF KNOWN)
William D. Barwick, Esq.
Rebecca L. Hirsch, Esq.
Sutherland, Asbill & Brennan LLP
1275 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2415

## II. BASIS OF JURISDICTION
(PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. GOVERNMENT NOT A PARTY)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(FOR DIVERSITY CASES ONLY) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
28 U.S.C. S. 1441(a)

Fed. R. Civ. P. Rule 45(c)

## V. NATURE OF SUIT
(PLACE AN x IN ONE BOX ONLY)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury--Med Malpractice
- ☐ 365 Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Other

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patient
- ☐ 840 Trademarks

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - Third party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☒ 890 Other Statutory Actions

A or 85 per Jose Casal

## VI. ORIGIN
(PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded From Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgement

## V. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $
Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☒ NO

## VII. RELATED CASE(S) IF ANY
(See instructions): Case No. 1:00CV00295-TPJ
Judge ____ Docket Number ____

Date: 11-21-01
SIGNATURE OF ATTORNEY OF RECORD

JOSE A. CASAL
Holland & Knight LLP
701 Brickell Avenue
Suite 3000
Miami, FL 33131

United States District Court

$30.00 853183 11/21/01